UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTT R. KOCKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-370 |
| ) | |
| IKON OFFICE SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 18.) As the proposed order is overbroad, it will be DENIED.

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid). Accordingly, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Id*. (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Here, the proposed definition of "Confidential Materials" is overly-broad. It seeks to protect *all* information included in the personnel files of any employee or former employee of Defendant. (Proposed Stipulated Protective Order ¶ 5.) Of course, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

Furthermore, with respect to Defendant's "policies . . . practices, procedures, and business information", which apparently fall short of meeting the definition of "Trade Secrets", "they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Cook*, 206 F.R.D. at 249. That is, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

The Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid. *See, e.g., Cincinnati Insurance*, 178 F.3d at 945. "Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue

absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate. For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 18).

SO ORDERED.

Enter for this 26th day of April, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge